UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-07082-JFW-MAA                                  Date:  August 20, 2020

Title:   Dennis Petillo, Jr. v. Armenta, et al.

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:               Attorneys Present for Defendants:
           N/A                                                            N/A

**Proceedings (In Chambers):**      Order re: Filing of Petition

On August 3, 2020, the Court received and filed Petitioner Dennis Petillo, Jr.'s *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ("Petition," ECF No. 1.)  The Petition alleges two grounds for relief: (1) a claim that Respondent violated the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause, as well as various statutes and regulations, when Petitioner purportedly was denied medical treatment for chest pain and difficulty breathing; and (2) a claim that Respondent violated the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause, as well as various statutes and by allegedly making threatening and racially discriminatory statements, including threatening to have Petitioner murdered.  (*Id.*, at 6–7.)

A habeas corpus action necessarily entails a challenge to either a conviction or a sentence imposed by a state-court judgment.  *See* 28 U.S.C. § 2254(a) (a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," those claims do not fall within the "core of habeas corpus."  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).  If a claim "does not lie at 'the core of habeas corpus,'" then "it may not be brought in habeas corpus."  *Id.* at 934 (quoting *Preiser*, 411 U.S. at 487).

Here, although Petitioner indicates that he has a 2014 murder conviction for which he was sentenced to life in prison with the possibility of parole (Petition, at 1–2), he does not appear to raise any challenges to his conviction or sentence (*see id.*, at 6–7).  Instead, Petitioner's claims appear to challenge his conditions of confinement.  (*Id.*)  Such claims must be brought in a civil rights action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-07082-JFW-MAA                                      Date:  August 20, 2020

Title:       Dennis Petillo, Jr. v. Armenta, et al.

pursuant to 28 U.S.C. § 1983 ("Section 1983").  *See Preiser*, 411 U.S. at 499 ("[A] [Section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.")

      The Court generally has discretion to construe a habeas petition as a civil rights complaint.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Nettles*, 830 F.3d at 936 ("[A] district court may construe a petition to plead a cause of action under [42 U.S.C.] § 1983 after notifying and obtaining informed consent from the prisoner.").  However, it is not clear that such recharacterization would be appropriate in this case.

      *First*, Petitioner has not authorized the $350 filing fee for a civil rights case to be deducted from his prison trust account pursuant to 28 U.S.C. § 1915(b).  The Court cannot presume that Petitioner would continue to pursue this action if he knew he ultimately would be obliged to pay the $350 filing fee regardless of the outcome of his case.

      *Second*, the Court would be obligated to screen the converted Petition under 28 U.S.C. § 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  If the converted Petition ultimately were to be dismissed on the basis that it is frivolous, malicious, or fails to state a claim, that dismissal would count as a "strike" against Petitioner with respect to 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" may not bring an action or appeal without prepayment of the full filing fee "unless the prisoner is under imminent danger of serious physical injury."

      *Third*, it is not in the interest of judicial economy to convert the Petition to a federal civil rights complaint because the case would require additional court resources to deal with the issues created by the different filing fees, the absence of information called for by the civil rights complaint form utilized in this district, and the potential service issues relative to individuals whose conduct may be in issue.

      Accordingly, it appears that summary dismissal is appropriate.  However, out of consideration for Petitioner's *pro se* status, the Court will permit Petitioner an opportunity to respond before issuing a recommendation that the Petition be summarily dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-07082-JFW-MAA                              Date:  August 20, 2020

Title:    Dennis Petillo, Jr. v. Armenta, et al.

      The Court **ORDERS** Petitioner to respond in writing by no later than **October 19, 2020**. Petitioner's response may take any of the following forms: (1) an Amended Petition raising claims that challenge Petitioner's conviction and sentence; (2) a memorandum explaining why Petitioner's current claims entitle him to habeas relief; or (3) a civil rights complaint stating Petitioner's claims, and a new request to proceed *in forma pauperis* that includes Petitioner's inmate trust account statements and authorization to deduct the $350 filing fee for civil rights actions.  The Clerk is directed to attach the following forms, which Petitioner must use if he chooses to exercise the third option: (1) Form CV-66 ("Civil Rights Complaint") and (2) Form CV-60P ("Request to Proceed In Forma Pauperis with Declaration in Support").

      Instead of filing a response to this Order, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

      **Petitioner is expressly cautioned that failure to respond to this Order by October 19, 2020 will result in a recommendation that the Petition be summarily dismissed for lack of jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

Attachments

Form CV-09

Form CV-60P

Form CV-66